UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21-cr-0082 (CJN) |
| v. | : | |
| | : | |
| DALTON RAY CRASE and | : | |
| TROY WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum to address the Court's inquiry into whether or not this Court should order the defendants to serve the proposed intermittent period of incarceration, here 15-days, consecutively, or over weekends. This memorandum briefly outlines the legal landscape, and the government's practical concerns that counsel for any periods of intermittent incarceration be served uninterrupted to the maximum extent possible.

**I.    Legal Background**

Pursuant to 18 U.S.C. § 3563(b)(10), this Court may impose, as a condition of probation, that a defendant:

> Remain in the custody of the Bureau of Prisons [BOP] during nights, weekends or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release.

Congress enacted this provision to give sentencing courts "flexibility" to impose incarceration as a condition of probation in one of two ways. S. Rep. No. 225, 98th Cong., 1983 WL 25404, at *98 (Aug. 4, 1983). First, a court can direct a defendant be confined in "split intervals" over

1

weekends or at night. *Id.* Second, a sentencing court can impose "a brief period of confinement" such as "for a week or two." *Id.*[1]

Under Section 3653(b)(10), this Court can sentence a defendant convicted of the crime at issue here to intermittent periods of incarceration up to the statutory maximum of six months, so long as the sentence is executed over "nights, weekends or other intervals of time." While the terms nights and weekends are clear, the term "other intervals of time," is undefined. The legislative history and limited case law on "other intervals of time" suggests that it should amount to a "brief period" of no more than a "week or two" at a time. *United States v. Mize*, No. 97-40059, 1998 WL 160862, at *2 (D. Kan. Mar. 18, 1998) (quoting Section 3563(b)(10)'s legislative history described above and reversing magistrate's sentence that included 30-day period of confinement as a condition of probation); *accord United States v. Baca*, No. 11-1, 2011 WL 1045104, at *2 (C.D. Cal. Mar. 18, 2011) (concluding that two 45-day periods of continuous incarceration as a condition of probation was inconsistent with Section 3563(b)(10)); *see also United States v. Anderson*, 787 F. Supp. 537, 538 (D. Md. 1992) (continuous 60-day incarceration not appropriate as a condition of probation). No court appears to have decided whether a term of continuous imprisonment greater than two weeks but less than 30 days is consistent with Section 3563(b)(10), and the government does not advocate for a such a sentence here. However, if the defendants request to serve a 15-day term of imprisonment imposed as a condition of probation under Section 3653(b)(10) in one continuous period instead of over weekends, it is difficult to

---

[1] Section 3563(b)(10)'s legislative history notes that incarceration as a term of probation was "not intended to carry forward the split sentence provided in Section 3561, by which the judge imposes a sentence of a few months in prison followed by probation." S. Rep. No. 225, 98th Cong., 1983 WL 25404, at *98 (Aug. 4, 1983).

ascertain how such a sentence would be unreasonable or contrary to the interests of justice.[2]

## II.     Practical Concerns

Notwithstanding the Court's power to impose multiple short terms of intermittent confinement (i.e. nights and weekends in jail), the government has several practical concerns about such sentences because they involve the defendant coming in and out of a detention facility on multiple occasions during the COVID-19 Pandemic.  As such the government has refrained from requesting such sentences in the Capitol breach cases given the potential practical and logistical obstacles with an individual repeatedly entering and leaving a detention facility along with the necessary, but often conflicting, testing, quarantine, and treatment protocols for the facility, and the defendants' employers.  To that end, the government requests the Court, when it imposes incarceration as a term of probation under Section 3563(b)(10), to sentence defendants to uninterrupted periods of incarceration to the maximum extent possible.

                         Respectfully submitted,

                         MATTHEW M. GRAVES
                         UNITED STATES ATTORNEY


                         By:     /S/
                         TEJPAL S. CHAWLA
                         Assistant United States Attorney
                         D.C. Bar 464012
                         555 4th Street, N.W.
                         Washington, D.C. 20530
                         202-252-7280 (Chawla)
                         Tejpal.Chawla@usdoj.gov

---

[2] Alternatively, this Court can achieve the same result by sentencing the defendant, as outlined in the Government's initial Sentencing Memorandum, to a split-sentence of 15 days incarceration to be followed by 3 years' probation (minus 15 days).  The limitation in 18 U.S.C. §3563(b)(10) only applies to conditions of probation.